METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Petitioner,

v.

BOSTON REGIONAL PHYSICAL THERAPY, INC., et al., Respondent.

Civil Action No. 06–12059–NMG.

United States District Court, D. Massachusetts.

Sept. 23, 2009.

Michael L. Snyder, Glenda H. Ganem, William N. Smart, McGovern & Ganem, P.C., Boston, MA, for Petitioner.

Joseph S. Provanzano, Provanzano Law Offices, Peabody, MA, Francis A. Gaimari, Fireman & Associates LLP, Needham, MA, Frank A. Smith, III, Frank A. Smith III & Associates, PC, Jeffrey T. Nichols, Business Law, P.C., Boston, MA, Thomas J. Freda, Monahan & Padellaro, Cambridge, MA, Robert D. Ahearn, Law Offices of Robert D. Ahearn, P.C., Quincy, MA, for Respondent.

Lorna Mathieu, Melrose, MA, pro se.

## MEMORANDUM & ORDER

GORTON, J.

After consideration of a motion for default judgment filed by defendant Boston Regional Physical Therapy ("BRPT") against certain individual third-party defendants, Chief Magistrate Judge Judith G. Dein filed a Report and Recommendation ("R & R"). BRPT filed objections to the R & R which this Court now addresses.

## I. *Background*

### A. Factual Background

Plaintiff Metropolitan Property and Casualty Insurance Company ("Metropolitan"), a company that underwrites motor vehicle insurance in Massachusetts, brought suit against BRPT, Central Metropolitan Billing Services ("CMBS") and several of their employees who are involved in the business of providing and/or billing for physical therapy services.[1] Metropolitan claimed that BRPT engaged in a fraudulent scheme designed to obtain insurance benefits from Metropolitan by billing for physical therapy services that were excessive, unwarranted or never rendered.

### B. Procedural Background

On November 13, 2006, Metropolitan filed its initial complaint. Over the following years, Metropolitan settled with several BRPT employees named as defendants and filed amended complaints omitting the claims against those parties. In response, BRPT asserted third party claims against many of those individuals. Much of the case has been disposed of through those settlements with Metropolitan and through default judgments. More recently, Metropolitan has reached a settlement agreement with BRPT, CMBS and eight individual defendants ("the BRPT settlement"). Issues with respect to unresolved claims and default judgments were referred to the Magistrate Judge.

In early August, 2009, Magistrate Judge Dein issued four R & Rs pertaining to these developments. This Court has adopted three by endorsement and only one, addressing motions for default judgments, is presently at issue. In December 2008, the Court issued notices of default judgment against defendants Olga O'Connor (a/k/a Rich) ("Rich"), Curtis Bailey, Lauren Kincaid, Luis Lugo, Bertha Pimentel, Lesbia Pimentel and Julianne Polillio. The Magistrate Judge requested additional evidence and proposed findings, to be supported by affidavits, from BRPT in connection with the default judgments. BRPT complied on August 4, 2009. In light of the filings, Magistrate Judge Dein issued an R & R on August 7, 2009, in which she recommended the entry of sev-

---

[1]. Although unstated in the complaint, it is presumed that Metropolitan underwrites more than just motor vehicle insurance.

eral judgments, including one against the third-party defendant Rich for zero damages. BRPT has objected only to the recommended judgment against Rich.

## C. Magistrate Judge Dein's R & R

In her R & R, the Magistrate Judge offered several reasons for recommending the entry of a judgment of zero damages against Rich. First, BRPT has submitted no evidence of specific damages and has failed to comply with the Court order that proposed findings be supported by affidavit. Unlike the submissions with respect to other defendants, no amount certain was requested against Rich in any affidavit. Furthermore, as with the other defendants, Rich has settled with Metropolitan. As such, Magistrate Judge Dein found that "it would be inappropriate for the court to enter judgment against her" pursuant to M.G.L. c. 231B, § 4.[2] The Magistrate Judge refers to related dispositions in which she recommended dismissal of claims against defendants under that provision because, having settled with Metropolitan, they could no longer be liable to BRPT for contribution.

## II. Analysis of BRPT's Objections

BRPT's objections are somewhat difficult to discern but two deserve further consideration. First, BRPT contends that any settlement with Metropolitan should not bar third-party claims by BRPT against Rich pursuant to M.G.L. c. 231B, § 4 because its claims against Rich are different from those against other individuals. In fact, BRPT contends that its claims against Rich for breach of contract and under Chapter 93A are separate and independent from its claims against Metro-

politan and, therefore, not duplicative contribution claims and not barred by M.G.L. c. 231B, § 4.

The R & R does not address that issue in detail because it was secondary to Magistrate Judge Dein's main rationale: that BRPT proffered no evidence to show damages with any certainty. In fact, the Magistrate Judge's assertion that "it would be inappropriate for the court to enter judgment against [Rich]" due to her settlement with Metropolitan contradicts her recommendation to enter judgment against her (albeit for zero damages). Accordingly, whatever merit may lie in BRPT's contention that it properly seeks more than contribution from Ms. Rich, the Court finds that Magistrate Judge Dein's recommendation was not based upon the statutory restriction of M.G.L. c. 231B, § 4. Thus, BRPT's objections fall short.

Second, BRPT argues obscurely that the Magistrate Judge failed to acknowledge that its own business records indicate that it made expenditures in excess of $500,000 and that:

> The amount, even if confidential, certainly could be reviewed in camera and the Magistrate should have allowed this, as she did with Attorney Molloy, whose settlement agreement was not allowed to be viewed by the parties but only by her in camera.

This convoluted and unpersuasive argument appears to suggest that the amount requested from Rich is somehow ascertainable, either by affidavit or through an in camera review of the BRPT settlement.

The Court disagrees. To be sure, BRPT seeks contribution from Rich for the full amount of its liability to Metropolitan and, in its proposed findings, BRPT

---

**2.** That provision provides that:
When a release ... is given in good faith to one of two or more persons liable in tort for the same injury ... (b) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

116

refers to an affidavit estimating total damages to be roughly $1.3 million. BRPT is also correct that Magistrate Judge Dein used an *in camera* proceeding to review another settlement agreement in this case to determine good faith. Nonetheless, those facts do not alter Magistrate Dein's conclusion. She ordered BRPT to file proposed findings, supported by affidavit, with respect to each defendant. BRPT did so clearly with respect to several defendants and Magistrate Judge Dein subsequently entered judgments in those amounts. It did not, however, make any analogous declaration of the amount sought from Rich or even suggest how to calculate that amount.

As a result, what exactly BRPT seeks from the third party defendant Rich remains a mystery. BRPT could, for instance, request judgment in the amount of 1) the confidential BRPT settlement (which could presumably be determined through an *in camera* proceeding), 2) the estimated $1.3 million in Metropolitan damages (which would presumably represent another measure of BRPT's full liability towards Metropolitan), 3) the damages caused directly by Rich's allegedly independent wrongdoing or 4) some combination of those figures. Magistrate Judge Dein correctly concluded that BRPT has not provided the Court with any intelligible guidance in an affidavit or elsewhere, as required. Therefore, no damages have been proven against Rich and the objections to the R & R filed by BRPT will be overruled.

### ORDER

In accordance with the foregoing, the Report and Recommendation (Docket No. 413) is accepted and adopted.

**So ordered.**